**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 29 2009 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DORIS HYTOWER,

               Plaintiff,

    -against-

RICHARD SOKOLOFF,
ATTORNEY AT LAW,

               Defendant.
------------------------------------------------------------X

*CLASS ACTION COMPLAINT*

**CV-09 1752**

**BIANCO, J.**

**WALL, M.J.**

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her complaint against the Defendant, RICHARD SOKOLOFF, ATTORNEY AT LAW, alleges as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### PARTIES

2. Plaintiff is a citizen of the State of New York residing in this district.

3. Upon information and belief, Defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Medford, New York.

### JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the venue is appropriate where the Defendant corporation is subject to jurisdiction in this district as it regularly conducts business in this district.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE CLASS

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by the Plaintiff to a Bethpage Federal Credit Union.

7. That Plaintiff agreed to make payments to creditor but was currently unemployed and agreed to do so when more funds were available.

8. That at a time unknown to the Plaintiff herein, the aforementioned debt was referred and or assigned to the Defendant for collection.

9. That on or about May 19, 2007, Plaintiff received a letter from Defendant informing Plaintiff to call one Mrs. Petrie to discuss an alleged outstanding debt in the sum of approximately $1400.00.

10. That in a phone conversation with Defendant's agent, Mrs. Petrie, Defendants agent threatened the Plaintiff with litigation and as a result, Plaintiff offered to make a payment plan to settle the matter by making partial payments each month until the debt was satisfied, in an effort to avoid litigation .

11. That for several months following the discussion with Defendants agent, Plaintiff made good faith payments in the form of money order in excess of $800.00, in partial payments by money order.

12. That despite Plaintiff's good faith effort to make payments on the debt, Plaintiff received another letter dated June 13, 2007 stating Defendant was proceeding to with litigation due to Plaintiff's unpaid debt.

13. That Plaintiff sent payments regardless and slowly increased them monthly eventually reaching $100.00 per month.

14. That despite plaintiff's good faith effort to settle the debt and partial payments toward the debt covering more than half of debt, Plaintiff received a letter from Defendant dated April 21, 2008.

15. That said letter stated that Plaintiff's bank account had been restrained, Plaintiff's use thereof restricted, and failure to hear back from Plaintiff within five (5) days may result in 'an execution upon the account by a marshal or sheriff' at an additional cost to Plaintiff.

16. That Plaintiff called Defendant to arrange a payment plan and was again told that payments were too low and that Defendant would 'continue to come after' Plaintiff.

17. That Plaintiff sent letter to Defendant, dated October 10, 2008, stating that upon release of the account, as well as a written agreement to Plaintiff's offer, Plaintiff would send $600.00 to settle the account in full.

18. Plaintiff's restrained account, contained less that $1700.00, and Defendant had knowledge of the bank account balance and continued to freeze and maintain the freeze for several months, despite being notified on several occasions to release the account.

19. Defendants conduct violates The Exempt Income Protection Act which amends CPLR § 5205, 5230, 5231, 5232 et seq.

20. Defendants conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d) and (e) in that the actions of the Defendant were done to harass and abuse the consumers rights in an effort to compel payment under duress by threatening to take and taking legal action that could not be legally taken and without adequate attorney review.

21. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, defendant is liable to the plaintiff and all members similarly situated for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

## CLASS ALLEGATIONS

22. Plaintiff realleges paragraphs 1 through 21 as if fully restated herein.

23. The first cause of action is brought on behalf of plaintiff and the members of a class.

24. The class consists of consumers whose bank accounts were frozen by means of Defendants mass debt collection litigation practice which purportedly obtains default judgments and freezes bank accounts in an effort to compel settlements by consumers without any discretion as to the low value of the debtors bank account and in violation of NY law.

25. The Class consists of all persons whom (a) defendant's records reflect resided in the State of New York and who (b) were engaged in litigation by the Defendant and where a default judgment was taken and a bank account with less than the statutory sum was frozen in violation of 15 U.S.C. § 1692e, and 15 U.S.C. § 1692d..

26. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (A) Based on the fact that debtors in litigation with the Defendants firm are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

(C)     The only individual issue is the identification of the consumers who received leins on frozen account less that the statutorily required amount letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D)     The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)     The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

27. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

28. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

29. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

30. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following: (e) and (d)

    (a)     Defendant violated 15 U.S.C. § 1692e by using deceptive means in an

attempt to collect a debt; and taking legal action that can not be legally taken; and failing to conduct adequate attorney review;

    (b)    Defendant violated 15 U.S.C. § 1692d by harassing the consumer;

**WHEREFORE,** plaintiff respectfully prays that judgment be entered against defendant in the amount of:

    (a)    Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the fist cause of action.

    (b)    Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the second cause of action.

    (c)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d)    For such other and further relief as may be just and proper.

Dated: New York, New York
       April 1, 2009

_s/_____
Amir J. Goldstein, Esq. (AG-2888)
**Attorney for the Plaintiff**
591 Broadway, #3A
New York, New York 11012
(212) 966- 5253 phone
(212) 941- 8566 fax

Plaintiff requests trial by jury on all issues so triable.

_s/_____
Amir J. Goldstein (AG-2888)